09-0262-cv
Davey v. Winfield Jones

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand ten.

PRESENT:
> ROSEMARY S. POOLER,
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> > Circuit Judges.

_____

Peter Davey,

> Plaintiff-Appellant,

v.                                                                              09-0262-cv

Winfield Jones, Jones Hirsch Connors & Bull P.C.,

> Defendants-Appellees.

_____

FOR APPELLANT:           Peter F. Davey, <u>pro se</u>, New York, New York.

FOR APPELLEES:           James P. Connors (Kerry J. Kaltenbach, <u>on the brief</u>), Jones Hirsch Connors & Bull P.C., New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Chin, J.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Peter F. Davey, an attorney proceeding pro se, appeals a judgment of the district court granting the Defendants' motion for summary judgment and dismissing Davey's claim that he was terminated from his employment in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and state and local anti-discrimination laws. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, we do not accept any of the arguments in support of Davey's pending motions before this Court. First, we deny Davey's motion to strike the supplemental appendix on the grounds that it was duplicative and that he did not receive notice of the motion to submit it. We find that Davey in fact consented to the filing of the supplemental appendix and was properly served with it. Furthermore, we reject his contention that the materials in the supplemental appendix were duplicative, because not all of the documents in the supplemental appendix were included in the appendix.

 Second, we deny Davey's motion to "not confirm summary judgment," because the motion amounts to a request that this court decide the merits of Davey's appeal in a motion. All of Davey's pending motions are therefore hereby **DENIED**.

We now proceed to consider the merits of Davey's appeal. We review orders granting summary judgment de novo and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." Davis v. New York, 316 F.3d 93, 100 (2d Cir. 2002).

This Court has analyzed plaintiffs' ADEA claims by applying a burden-shifting framework. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 101 (2d Cir. 2001) (holding that the same standard applies to claims of discrimination based upon gender and age). "To establish a prima facie case of age discrimination under the ADEA or gender discrimination under Title VII, a plaintiff must demonstrate the following: (1) []he was within the protected class; (2) []he was qualified for the position; (3) []he was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." Leibowitz v. Cornell Univ., 584 F.3d 487, 498 (2d Cir. 2009). At the

second stage of the inquiry, if the "plaintiff satisfies his initial, minimal, burden the burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for the termination, supported by admissible evidence which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." Patterson v. County of Oneida, 375 F.3d 206, 221 (2d Cir. 2004) (internal citations and quotation marks omitted). Finally, if the "employer carries this burden, the burden shifts back to the plaintiff to demonstrate by competent evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Id. (internal quotation marks omitted). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Id. (quoting Texas Dep't of Cmty Affairs v. Burdine, 450 U.S. 248, 253 (1981) (internal quotation marks omitted)).

In Gross v. FBL Financial Services, Inc., 129 S. Ct. 2343, 2351 (2009), the Supreme Court concluded that under the plain language of the ADEA, an employee bringing a disparate treatment claim must prove by a preponderance of the evidence that age was the "but-for" cause of the employer's adverse action, and not merely one of the motivating factors. The Court also noted that it "has not definitively decided whether the evidentiary framework of McDonnell Douglas . . . is appropriate in the ADEA context." Id. at 2349 n.2.

We need not now decide whether to continue to apply McDonnell Douglas or to abandon it in the wake of Gross. Davey's claim would fail under either standard. The district court properly concluded that, even assuming that Davey made a prima facie showing of discrimination, he failed to demonstrate that the legitimate, non-discriminatory reason for his termination proffered by the Defendants–namely, his failure to file a notice of appeal as directed–was mere pretext, and he failed to meet his burden to prove by a preponderance of the evidence that his termination was actually motivated, at least in part, by age discrimination. See James v. N.Y. Racing Ass'n, 233 F.3d 149, 157 (2d Cir. 2000). Davey offered no evidence beyond his own conclusory allegations that he was terminated because of his age, which were insufficient to withstand summary judgment. See Davis, 316 F.3d at 100.

Because he failed to demonstrate that his age was even one motivating factor in his termination, Davey failed to prove that his age was the "but-for" reason for his termination. See Gross, 129 S. Ct. at 2351. We therefore affirm the district court's judgment on substantially the same grounds stated in its memorandum decision.

We also affirm the district court's decision as to Davey's state and local law claims. Claims brought under the New York Human Rights Law, N.Y. Exec. Law § 290 et seq., and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-502, are analyzed under the McDonnell Douglas burden-shifting framework. See Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466 (2d Cir. 2001). Davey's claims under these statutes fail because he has adduced no evidence showing that the proffered reason for his termination was pretextual.

We have considered Davey's remaining arguments and conclude that they are without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk